UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA

United States of America,        Criminal No. 11-330(DSD/JJK)

              Plaintiff,
v.                                         **ORDER**

James Warren Hoffman(1)
Teresa Gay Hoffman(2),

              Defendants.

Chad Wegscheider,                Criminal No. 11-238(DSD)

              Defendant.

John Owen Murrin III, and
DeVonna Kae Murrin,

              Movants.


     This matter is before the court upon the motion by the United States to dismiss third-party petitions filed by movants John O. Murrin, III and DeVonna Kae Murrin and the motion for summary judgment by the Murrins.[1]  Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion to dismiss.


                            **BACKGROUND**

     This criminal-forfeiture dispute arises out of the seizure of assets (the Assets) from Chad Wegscheider and James and Teresa Hoffman (collectively, the defendants).  At various times between

---

[1] The Murrins did not file a formal motion, and instead requested summary judgment in their motion papers.

2001 and 2009, Wegscheider and the Hoffmans participated in a mortgage fraud scheme. On September 1, 2011, Wegscheider pleaded guilty to Conspiracy to Commit Mortgage Fraud, in violation of 18 U.S.C. § 371. On February 3, 2012, James Hoffman pleaded guilty to Engaging in a Monetary Transaction in Criminally Derived Property, in violation of 18 U.S.C. § 1957, and Income Tax Evasion, in violation of 26 U.S.C. § 7201. Teresa Hoffman pleaded guilty to Income Tax Evasion, in violation of § 7201, on February 3, 2012. All three defendants await sentencing.

Prior to commencing criminal proceedings, the government sought to enjoin the defendants from disposing of the funds derived from the alleged fraud. On June 12, 2008, the court entered a preliminary injunction (Injunctive Action) and placed the Assets under the control of a court-appointed receiver. See United States v. Hoffman, Civ. No. 08-1316, ECF No. 16.

On February 23, 2011, the Murrins served a garnishment summons on the receiver in the Injunctive Action. See J. Murrin Decl. Ex. C, ECF No. 58-18. Thereafter, the Murrins filed a motion to intervene in the Injunctive Action and sought a declaration that they had an equitable right to the money held by the receiver, that the receiver be directed to turn money over to the Murrins and that the Murrins be allowed to act as representatives for similarly-situated individuals. The complaint for intervention explains that the Murrins and the receiver in the Injunctive Action "agree[] that

2

the garnishment and collection issues may be resolved in the [Injunctive Action]."  United States v. Hoffman, Civ. No. 08-1316, ECF No. 51, ¶ 13.  On June 20, 2011, the court granted the motion to intervene, but denied the Murrins' other requests on ripeness grounds.

On December 14, 2011, the Murrins filed a motion for summary judgment, and on January 6, 2012, the government moved to terminate the receivership.  See ECF Nos. 51, 53.[2]  Before the court could rule on these motions, the Murrins entered involuntary bankruptcy, and the bankruptcy trustee and the government stipulated to dismissal of the Injunctive Action and transfer of the garnished funds to the Wegscheider and Hoffman criminal cases.  Thereafter, the court entered a preliminary forfeiture order, in the Wegscheider and Hoffman criminal cases on January 31, 2012, and February 24, 2012, respectively.

On May 16, 2012, the Murrins filed a third-party petition under 21 U.S.C. § 853(n) for the return of forfeited property in the Hoffman matter.  A similar motion was filed on May 30, 2012, in the Wegscheider matter.[3]  On June 13, 2012, the government moved to

---

[2] Unless otherwise specified, the court cites to the docket from the Hoffman criminal matter.

[3] The Murrins argue that the basis for the petition in the Wegscheider matter is that "this forfeiture money was comingled [sic] with monies in which Petitioners have a claim in [the Hoffman matter]."  United States v. Wegscheider, Crim. No. 11-238, ECF No. 18, ¶ 6.  The Murrins argue that they "are victims of crimes committed against them by James and Teresa Hoffman as more fully
(continued...)

3

dismiss both petitions. The Murrins oppose the government's motion, and move for summary judgment.

**DISCUSSION**

**I. Standard of Review**

"Any person, other than the defendant, asserting a *legal interest* in property which has been ordered forfeited to the United States ... [may] petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2) (emphasis added). Upon a petition for the return of forfeited property, the court may dismiss "for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). "For the purposes of the motion [to dismiss], the facts set forth in the petition are assumed to be true." Id. Where, as here, "a third party fails to allege in its petition all elements necessary for recovery, including those related to standing, the court may dismiss the petition without

---

³(...continued)
set forth in their Petition against the Hoffmans." Id. ¶ 4. The Murrins did not submit a separate memorandum in support of the Wegscheider petition and instead "request that their claim be recognized as one claim against the funds available in both cases." Id. ¶ 12. As a result, the court analyzes, unless otherwise indicated, only the third-party petition in the Hoffaman matter. The decision is applicable, however, to both petitions filed by the Murrins.

4

providing a hearing." United States v. White, 675 F.3d 1073, 1077 (8th Cir. 2012) (citation omitted). The court determines that no hearing is necessary.

**II. Standing**

"Standing in forfeiture cases has both constitutional and statutory aspects." United States v. Timley, 507 F.3d 1125, 1129 (8th Cir. 2007) (citation and internal quotation marks omitted). "To establish constitutional standing, a party seeking to challenge a forfeiture of property must first demonstrate an ownership or possessory interest in the seized property." White, 675 F.3d at 1078 (citation and internal quotation marks omitted). Article III ownership "can be shown by actual possession, control, title, and financial stake." United States v. Premises Known as 7725 Unity Ave. N., Brooklyn Park, Minn., 294 F.3d 954, 956 (8th Cir. 2002) (citation omitted). A petitioner must have a "legal interest" under 28 U.S.C. § 853(n) to meet the statutory-standing requirement. See Timley, 507 F.3d at 1129; see also Fed. R. Crim. P. 32.2(c)(1) (explaining that movant must have "an interest in the property to be forfeited").

    **A. General Creditors**

The government argues that the Murrins lack standing to assert a claim under 21 U.S.C. § 853(n). Specifically, the government claims that the Murrins are general creditors attempting to circumvent the victim restitution process. The Murrins respond

5

that standing exists because they can trace the "seed money" they provided to defendants and show that it was used to perpetrate the fraud.

Victims of fraud, who voluntarily relinquish property to a third party, do not, however, maintain legal or possessory title. "A fraud victim who voluntarily transfer[s] property to the defendant has a cause of action in tort against the defendant but has no greater interest in the forfeited property than does any other general creditor. Title to the funds in question no longer belongs to the victim; it belongs to the defendant." United States v. BCCI Holdings (Lux.), S.A., 69 F. Supp. 2d 36, 59 (D.D.C. 1999) (citations omitted). The Murrins allege that the Assets were "loaned to [the Hoffmans] thinking it was a legitimate real estate company and a sound loan." Pet. ¶ 3. In other words, the Murrins voluntarily transferred the Assets, and, as a result, lack standing based on their victim status.[4]

**B.  Garnishment**

The Murrins next argue that their attempted garnishment of the Assets in the Injunctive Action establishes standing. In their petition, however, the Murrins did not allege garnishment as a basis for relief. Section 853(n)(3) explains that petitioners must

---

[4] Fraud victims may be compensated with forfeited funds, but the government must first obtain a clear title. See United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2005) (outlining forfeiture process). In so stating, the court does not take a position as to whether the Murrins will be eligible for restitution payments.

6

"set forth the nature and extent of [their] right, title, or interest" in the petition. In a procedurally similar case, the Eighth Circuit explained that "[i]f a third party fails to allege in its petition all elements necessary for recovery ... the court may dismiss the petition." White, 675 F.3d at 1077 (citation omitted); see United States v. Soreide, 461 F.3d 1351, 1355 (11th Cir. 2006) (per curiam) (refusing to consider argument not included in petition). As a result, the court does not consider the Murrins' garnishment argument as it relates to standing.[5]

Even if the court were to consider garnishment as a basis for standing, the argument would fail. Although the Murrins filed a garnishment summons in the Injunctive Action, they also agreed that "the garnishment and collection issues may be resolved in [the Injunctive Action]." See United States v. Hoffman, Civ. No. 08-1316, ECF No. 16, ¶ 13. Prior to dismissal of the Injunctive Action, the Murrins filed a motion for summary judgment and sought an order granting them garnishment and levy rights against the receivership. Prior to the court ruling on this motion, however, the Murrins were forced into involuntary bankruptcy. Thereafter, the bankruptcy trustee, on behalf of the Murrins, and the government stipulated to (1) dismissal of the Murrins' third-party

---

[5] Admittedly, the Murrins' petition in the Wegscheider matter does reference garnishment. See United States v. Wegscheider, Crim. No. 11-238, Pet. ¶ 4. For the reasons outlined below, the Murrins' argument nevertheless fails.

complaint, (2) dismissal of the Murrins' motion for summary judgment, (3) withdrawal of the Murrins' opposition to the government's motion to terminate the receivership and dismiss the Injunctive Action and (4) an agreement that the government would pursue criminal forfeiture of the Assets. Id., ECF No. 110, ¶¶ 1-4. As such, even if the garnishment summons could confer standing, that request is no longer pending and cannot be the basis for standing.[6] Therefore, for this additional reason, the Murrins lack standing, and dismissal of the third-party petitions is warranted.

## III. Validity of Forfeiture Order

The Murrins next argue that the preliminary order of forfeiture in both the Hoffman and Wegscheider matters is invalid. The Murrins appear to argue that the Assets were incorrectly forfeited under civil forfeiture authority. This argument is improper, however, in a motion brought under § 853(n).

"An ancillary proceeding allows [movants] to establish [their] interest in the forfeited property as it compares to the interests of the government and other petitioners; it does not allow [them] to relitigate the nexus between the criminal acts of [the defendants] and the forfeited proceeds from the [criminal act].

---

[6] The court also notes that a garnishment summons expires 180 days after service. See Minn. Stat. § 571.79(d); In re Estate of Abesy, 470 N.W.2d 713, 716 (Minn. Ct. App. 1991). The summons was served February 23, 2011. See J. Murrin Decl. Ex. C, ECF No. 58-18. As a result, even if closure of the Injunctive Action did not extinguish the garnishment summons, it lapsed as a matter of law prior to the Murrins filing their petitions.

8

White, 675 F.3d at 1077-78 (citation omitted). "[T]here is no provision in § 853(n) to relitigate the outcome of [the forfeiture] proceedings ...." United States v. Porchay, 533 F.3d 704, 710 (8th Cir. 2008). Therefore, the Murrins cannot challenge the validity of the forfeiture order, and dismissal of the third-party petitions is warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The government's motion to dismiss the third-party petition [ECF No. 53] in the Hoffman matter is granted;

2. The Murrins' request for summary judgment in the Hoffman matter is denied;

3. The Murrins' petition under 21 U.S.C. § 853(n) [ECF No. 51] in the Hoffman matter is denied;

4. The government's motion to dismiss the third-party petition [ECF No. 20] in the Wegscheider matter is granted;

5. The Murrins' request for summary judgment in the Wegscheider matter is denied; and

6. The Murrins' petition under 21 U.S.C. § 853(n) [ECF No. 18] in the Wegscheider matter is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 30, 2012

                                       s/David S. Doty
                                       David S. Doty, Judge
                                       United States District Court