UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-238(1)(DSD)

United States of America,

       Plaintiff,

v.                                 **ORDER**

Chad Wegscheider,

       Defendant.

    Ana H. Voss, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Chad Wegscheider, 2860 Arcade Street, Maplewood, MN 55109, pro se.

    This matter is before the court upon the objections to the application for writ of garnishment by defendant Chad Wegscheider. Based on a review of the file, record and proceedings herein, and for the following reasons, the court overrules the objections.

    On September 1, 2011, Wegscheider pleaded guilty to Conspiracy to Commit Mortgage Fraud Through the Use of the Wires, in violation of 18 U.S.C. § 371. The court sentenced Wegscheider to thirty-six months of imprisonment, followed by two years of supervised release. See ECF No. 43. The court also ordered Wegscheider to pay restitution in the amount of $4,792,069.26. See id. at 5. The court ordered Wegscheider to make monthly payments of at least $250, to commence 30 days after release from imprisonment. See id. at 6.

On July 23, 2013, the government notified Wegscheider that the full restitution judgment should be paid within 20 days. Dasovich Decl. Ex. A. Wegscheider failed to make payment as demanded. Id. Ex. B. Pursuant to the Federal Debt Collection Procedure Act (FDCPA), the government applied for, and the court issued, a writ of garnishment. ECF No. 45. The writ was executed on October 4, 2013, as to Morgan Stanley as garnishee, and on October 11, 2013, as to Wegscheider as debtor. ECF No. 48. Morgan Stanley responded to the writ, stating that it has two IRA accounts in Wegscheider's name and that he is the sole owner of the accounts. ECF No. 46, at 2.

Wegscheider filed an objection to the garnishment and requested a hearing, arguing that the garnished funds (1) were acquired prior to his engagement in criminal activity and (2) are subject to a property interest held by his current spouse. See ECF No. 47. The court declined to hold a hearing on the first issue. ECF No. 52, at 4. On August 13, 2014, the court held a hearing on the second issue.

"Under the FDCPA, the United States is required to provide the judgment debtor with notice of the commencement of a postjudgment garnishment proceeding ...." United States v. Kieffer, No. 1:08-cr-54, 2010 WL 2231806, at *2 (D.N.D. Apr. 28, 2010) (citation omitted). Within twenty days of such notice, "the judgment debtor ... may file a written objection ... and request a hearing." 28

U.S.C. § 3205(c)(5).  Wegscheider timely filed such an objection and requested a hearing.  See ECF No. 47.  "[T]he issues at such a hearing are limited to the validity of any claim of exemption and the government's compliance with FDCPA's statutory requirements." United States v. Pugh, 75 F. App'x 546, 547 (8th Cir. 2003) (per curiam) (citation omitted).  The party objecting to a writ of garnishment "shall state the grounds for the objection and bear the burden of proving such grounds."  28 U.S.C. § 3205(c)(5). "Cognizable grounds for an objection are whether the defendant states a valid claim for an exemption ... [and] whether the [g]overnment has complied with the statutory requirements for garnishment ...." United States v. Janota, No. 10-352, 2013 WL 1707921, at *1 (D. Minn. Apr. 19, 2013) (citation omitted).

Wegscheider argues that his current spouse has an interest in the Morgan Stanley IRA accounts and that they are exempt from garnishment.  In general, only property in which a judgment debtor has "a substantial nonexempt interest" is subject to garnishment. 28 U.S.C. § 3205(b)(1)(C).  Property in which two or more parties hold interests, however, is not per se exempt from garnishment. See 28 U.S.C. § 3205(a) ("Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located.").  Although Wegscheider claims that his wife has a joint interest in the IRA accounts, he has presented no evidence to

3

support that claim.[2]  Indeed, the information provided by Morgan Stanley supports a contrary conclusion.  Absent any proof that the accounts are marital property, the court must conclude that they are not exempt from garnishment.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Wegscheider's objections to the application for writ of garnishment [ECF No. 47] are overruled; and

2.  Wegscheider shall pay to the United States, in care of the Clerk of Court, 202 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, with a check or money order made payable to the "Clerk of Court", all property of Wegscheider in his possession, custody or control, as levied upon the Writ of Garnishment served on October 4, 2013, plus any additional funds deposited from the date of service of the Writ of Garnishment to the date of this order, up to the full amount of the debt.

Dated:  September 2, 2014

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court

---

[2]  The court gave Wegscheider additional time after the hearing to submit evidence in support of his claim, but he failed to do so.